# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

## No. 21-5148

———————————

Rica Gatore, et al,,

*Plaintiffs – Appellants*,

v.

United States Department of Homeland Security

*Defendant – Appellee*.

*On Appeal from the United States District Court for the District of Columbia Civil Action No. 15-cv-00459 (Hon. Reggie B. Walton, U.S. District Judge)*

## OPPOSITION OF RICA GATORE ET AL TO MOTION FOR SUMMARY AFFIRMANCE BY DEPARTMENT OF HOMELAND SECURITY

DAVID L. CLEVELAND
1220 L Street NW #100
Washington, DC 20005
Tel: (202) 812-8684
1949.david@gmail.com
*Attorney for Appellants*

## OPPOSITION OF RICA GATORE ET AL TO DHS MOTION

The district court wrongly denied class certification, relying on a theory not briefed by the parties.

The district court reasoned that a class representative must be a member of the class. The class is requesters who have not received any paragraphs from their immigration documents; Ms. Gatore did receive some paragraphs; therefore she is not, [now],  a member of the class. 327 F. Supp. 3d at 103. The district court overlooked the fact that she *was* a member of the class, when she filed her complaint and motion for class certification. The district court cited *Virtue v. Intern. Brothers of Teamsters,* 292 F.R.D. 8, (D.D.C. 2013). In that case, Mr. Virtue filed a complaint against a pension plan in April 2012, seeking to represent a class of employees under ERISA. But, at that time, Virtue's own claim was barred by a statute of limitations; so, he was deemed not to be a member of the class. He never was a class member. There was nothing about mootness in that case.

The case of Ms. Gatore is different: at the time she filed her complaint, she was a member of the class- she had not received any paragraphs from her immigration document. At the time she filed her motion for class certification, she was still a member of the class. DHS changed its

1

position, and gave her paragraphs. The district court did not use the word "moot," but in essence, that court ruled that she *no longer* was a member of the class, and that mootness of her claim prevented her from being a class representative.

Many courts, however, have ruled that mootness of the individual's claim does NOT prevent class certification. The Supreme Court has specifically recognized that a plaintiff with a moot claim may serve as a class representative. *U.S. Parole Comm. v Geraghty*, 445 U.S. 388, 404 (1980). The D.C. Circuit agrees: "Our decisions make clear that plaintiffs with moot claims may adequately represent a class." *J.D. v. Azar,* 925 F.3d 1291, 1313 (D.C. Cir. 2019). Where parents of school children had live claims when they sought class certification, mootness of their claims at a later time did not prevent class certification, *DL v. District of Columbia,* 860 F.3d 713,722 (D.C.Cir. 2017) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to a prevailing party." [cleaned up]).  *Accord: Afghan and Iraqi Allies under Serious Threat v. Pompeo,* 334 F.R.D. 449, 463 (D.D.C. 2020).("Where a live controversy exists for class members, mootness alone does not render the named Plaintiffs inadequate" to be class representatives.)

2

The district court erred by not recognizing this large body of law.

**INTRODUCTION**

Ms. Rica Gatore, and seven others, filed a class action complaint to get the first several paragraphs of an immigration document. They filed a motion for class certification; DHS gave these individuals a few paragraphs [but not all of the factual paragraphs], and then told the district court the case should be dismissed. The district court agreed. Then, two more individuals, Ms. Mulangu and Mr. Dramou,  also asylum applicants, filed a class action complaint. DHS promptly gave those two individuals what they wanted. The two individuals filed a motion for class certification, but the district court denied it on mootness grounds. Then, Mr. Kayetishonga, and 29 others individuals, also asylum applicants, filed an Amended Complaint and a motion for class certification. DHS promptly gave those 30 individuals what they wanted, and told the district court the case was moot, and should be dismissed. The court agreed. It is the plan of DHS to *never* face class certification. The district court erred in allowing DHS to thwart the purposes of class actions.

A large number of other asylum applicants, also FOIA requesters, have *still* been unfairly denied the first several paragraphs of their

documents. They do not know they have been unfairly treated. If a class is certified, notice can be sent to them, and they can be informed of their rights. Without class certification, they will  never see justice, and DHS will be able to escape responsibility.  Under these circumstances, the district court abused its discretion in denying class status. Its decision should be reversed.

**PROCEDURAL BACKGROUND**

Ms. Rica Gatore, an asylum applicant from Burundi, was interviewed by an asylum officer, who then wrote an Assessment. Ms. Gatore filed a FOIA request for the document, and was informed that the entire document was exempt under the FOIA. Then, Ms. Gatore, joined by seven other applicants, filed a Complaint, seeking class certification, in March 2015. A few months later, plaintiffs filed the first of four motions for class certification. ECF #15 [filed in June 2015].

The Court issued a ruling against DHS in 2016: *Gatore v. DHS,*  177 F. Supp. 3d 46 (D.D.C. 2016). The Court quoted an agency official, Ms. Eggleston, who said that the factual portions of the assessment "cannot be severed or segregated..." *Id.* at 51. The Court noted "what appears to be the defendant's blanket policy not to release any portion of an assessment, regardless of its contents." *Id.* at 52.

4

DHS insisted that no part of the assessment could be released. Ms. Eggleston filed a supplemental declaration in May 2016, where she said, again, that factual portions "could not be severed or segregated."

DHS filed a Renewed Motion for Summary Judgment, ECF #77, in June 2017. In that motion, DHS argued that "there is no segregable information" in any of the assessments of plaintiffs. ECF # 77-2, at page 20 of 24. [emphasis supplied].

Ms. Gatore pointed out that FOIA processors were instructed to withhold "in full" assessments to refer, and filed a page from the DHS's own Processing Guide as evidence of that policy. In December 2017, DHS changed the instructions it gave to its FOIA processors. The new instructions stated, concerning assessments, that the "factual" information should be released.er 2017 change in policy is a highly relevant fact.

In *Gatore v. DHS,* 292 F.Supp. 3d 486, 495 (D.D.C. January 4, 2018). the district court criticized DHS for releasing just a few of the factual paragraphs, where apparently there were several that could be released. 292 F. Supp. 3d at 492. The supplemental declarations "largely reiterate the language used...that the Court previously rejected." *Id.* at 493.

5

Plaintiff submitted evidence suggesting that all assessments follow a "standard format," and that therefore, the assessments in this case "likely contain the same factual paragraphs that [three other courts] determined could be released." *Id.* at 493. "In light of the fact that the defendant has now submitted three additional declarations from Eggleston, all to no ultimate avail, the Court concludes that in camera review is necessary." *Id.* at 495.

Seven months later, the district court ruled against DHS again. *Gatore v. DHS,* 327 F. Supp. 3d 76, 88 (D.D.C. August 24, 2018). It ordered the release of the first several paragraphs in each of the assessments of Ms. Gatore and the other eight named plaintiffs. The Court denied the defendant's motion for summary judgment and entered summary judgment for plaintiffs. *Id.* at 89.

Plaintiffs argued that DHS had two unlawful policies: 1] never providing any part of an assessment to a FOIA requester, and 2] not even *attempting* to determine if something could be segregated and released. *Id.* at 90.[emphasis added].

The district court agreed:

Plaintiff "Catholic Charities has proffered an abundance of evidence to support the existence of a 'policy and practice of never providing any part of an [a]ssessment to a FOIA requester,' " *Id.* at 92.

The district court further ruled that "this same evidence also indirectly supports the existence of a 'policy and practice of not even attempting to determine if there are reasonably segregable portions of an assessment.'" *Id.* at 93.[cleaned up].  On this point, the district court repeated itself at page 101.

The district court noted that FOIA processors were instructed to "withhold in full" assessments. *Id.* at 95. The district court even inserted part of the relevant page from the instructions that says "withhold in full." *Id.*

The district court noted that plaintiffs' evidence "demonstrates that in the nearly five-year period before the plaintiffs filed their amended complaint, the defendant denied over forty FOIA requests for assessments, including the requests submitted by the individual plaintiffs in this case. And notably, the defendant has not identified a single instance in which it voluntarily provided <u>any</u> part of an assessment to a FOIA requester during this period." [emphasis in original] *Id.* at 96-97.

7

All assessments have introductory factual paragraphs that are easy to segregate and release. "Catholic Charities has provided excerpts from the defendant's asylum officer lesson plan instructing asylum officers to follow a 'standard format' for assessments." *Id.* at 98.

"Thus, Catholic Charities has presented evidence showing that all assessments contain at least some reasonably segregable material, and consequently, that the defendant's challenged policy or practice of never providing any part of an assessment to a FOIA requester violates the FOIA." *Id.* at 99.

Ms. Gatore and the other seven individuals were given the first several paragraphs of their assessments.

CLASS CERTIFICATION RULING IN AUGUST 2018

Nonetheless, the district court then denied class certification. It said that Ms. Gatore,  because she had been given a few [but not all] of her paragraphs, was no longer a member of the class. "We have repeatedly held that a class representative must be part of the class," ruled the district court, *Id.* at 103. The district court raised this issue <u>sua sponte.</u> Note 18 of the 327 F. Supp. 3d 76 decision. There was no briefing on this issue. The district

court did not discuss mootness nor did it consider exceptions to the general mootness doctrine.

It is reversible error for a district court to make such an important ruling without any notice to the parties.

The district court did not address the defendant's arguments as to commonality. *Id.* at 103.

Catholic Charities filed a motion for class certification one week later. ECF # 112. Also, within a week, Ms. Gatore filed another motion for class certification, under Rule 23(b)(3), ECF # 113. Some weeks after that, Plaintiffs filed a Motion To Add 57 plaintiffs. ECF #115.

In September 2019, two of the 57 plaintiffs, Ms Mulangu and Mr. Dramou, filed their own class action complaint, Case No. 19-cv-2682, (RBW) seeking the factual portions of their assessments, seeking class certification, and seeking to be named as representatives of the class. Mulangu and Dramou filed a motion for class certification, ECF # 18. October 2019: DHS released the factual portions requested by Mulangu and Dramou, and promptly argued the entire case was now moot. The district court agreed.  ECF # 145 is an Order, dated 12/20/19. In the caption is

*Gatore,* Case No. 15-459, and also *Mulangu,* Case No. 19-2682. In that Order, DHS was given time to file motions in *Mulangu*.

October 2020: Ms. Gatore, et al., filed another motion for class certification. ECF # 150, and # 154.

November 2020: plaintiffs filed a motion for leave to add 35 new plaintiffs, including Mr. Kayiteshonga. ECF # 153 and ECF # 153-1. Each of the new plaintiffs requested two things: 1] to be appointed as class representative; and 2] release of the first several paragraphs of their immigration documents. And, plaintiffs filed another motion for class certification. ECF # 154-1.

January 2021: DHS released the factual portions of the assessments of Mr. Kayiteshonga and the other 29 individuals, and promptly declared the entire case was moot. The district court agreed.

ECF # 168-1 is a February 2021 declaration from Ms Rica Gatore, where she says : "I want to be a class representative." ECF # 168-2 is a March 2021 declaration from Mr. Kayiteshonga, where he says: "I want to be a class representative."

The district court erred in ignoring these declarations.

THE DISTRICT COURT ERRED BY NOT RECOGNIZING THAT A
CLASS REPRESENTATIVE HAS TWO CLAIMS: 1] HIS OWN
INDIVIDUAL CLAIM; AND 2] THE CLAIM THAT HE IS ENTITLED
TO REPRESENT A CLASS

The district court did not mention whether or not a putative class

representative has two claims. This was error, because he does have two

claims. The D.C. Circuit has ruled that a class representative has two

interests: 1] his own claim on the merits; and 2] the claim that he is entitled

to represent a class. "A class representative has two legally cognizable

interests: One is the claim on the merits; the other is the claim that he is

entitled to represent a class." *Richards v. Delta Airlines,* 453 F.3d 525,

(D.C.Cir. 2006) [quoting from *U.S. Parole Comm v. Geraghty,* 445 U.S. 388,

402].

Judge Silberman quoted the same sentence in his dissent in *Moloch v.*

*Whole Foods,* 952 F.3d 293, 302 (D.C.Cir. 2020)("But my colleagues

overlook the fundamental proposition that a named plaintiff attempting to

bring a class action has two legally cognizable interests. The first is his

underlying claim on the merits; the second is the claim that he is entitled to

represent a class." **(**Quoting *Richards,* which quoted *U.S. Parole Comm'n v. Geraghty.*)  The district court erred in not following this precedent. The district court erred in not even considering this precedent.

## MOOTNESS OF AN INDIVIDUAL'S CLAIM DOES NOT MOOT HIS CLAIM TO BE A CLASS REPRESENTATIVE

Ms. Gatore, and seven others, sought class certification, but DHS gave them a few paragraphs. Ms. Mlangu and Mr. Dramou sought certification, but DHS gave them their paragraphs. Mr. Kayeiteshonga and 29 others sought certification, but DHS gave them their paragraphs. DHS is frustrating the purposes of Civil Rule 23.

"A case becomes moot ... only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees*, 567 U.S. 298, (2012). Ms. Gatore and Mr. Kayeiteshonga can be given relief: being allowed to be class representatives.

Mootness of the claims of parents of school children does not prevent class certification. *DL v. D.C.,* 860 F.3d 713, 722 (D.C. Cir. 2017). Mootness of a pregnant minor does not prevent class certification. *J.D. v. Azar,* 925 F.3d 1291, 1309 (D.C. Cir. 2019).  And the Supreme Court has specifically

recognized that a plaintiff with a moot claim may serve as a class

representative. *See Geraghty*, 445 U.S. at 404

Mootness of a representative's individual claim is not a reason to deny

class certification. "A conclusion otherwise would risk placing defendant in

control of a putative class action, effectively allowing the use of tactical

procedural maneuvers to thwart class litigation at will." *Geisman v. ZocDoc,*

*Inc.* 909 F.3d 534, 543 (2d Cir. 2018). The Fifth Circuit is in accord: *Serrano*

*v. Customs and Border Patrol,* 975 F.3d 488, note 1 (5th Cir. 2020).

There is even more authority:

"For example, when a plaintiff files a motion to certify a class when

his individual claim still is live, the mooting of that claim while the motion

is pending permits the court to decide the certification motion. " *LaSpina v.*

*SEIU Pennsylvania State Council,* 985 F.3d 278, 290 (3d Cir. 2021).

"Even if individual claims are somehow deemed moot, the class

claims remain alive, and the named plaintiffs retain the ability to pursue

them." *Jeffrey M. Stein, D.D.S., M.S.D. P.A. v. Buccaneers Ltd. Partnership*,

772 F.2d 698, 704 (11th Cir. 2014) (cleaned up)

If a defendant gives the class representative what he requested as an

individual, some courts have deemed this to be a "picking off." The

defendant is trying to avoid class treatment by satisfying, or picking off, the representative. The Sixth Circuit applied the pick off exception in *Unam v Lyon,* 853 F.3d 279 (6th Cir. 2017). In that case, the defendant mooted the plaintiff's claims two days after the complaint was filed. The Court rejected that maneuver, stating: "The 'picking off exception' was developed to prevent defendants from strategically avoiding litigation by settling or buying off individual named plaintiffs in a way that 'would be contrary to sound judicial administration.'" *Id.* at 285.

The United States Department of Justice has endorsed the pick-off rule as well. *See* Brief for the United States as *Amicus Curiae* at 19, *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2015) (No. 14-857) :

'[R]equiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained,' would 'frustrate the objectives of class actions,' would be 'contrary to sound judicial administration,' and would 'invite waste of judicial resources by stimulating successive suits brought by others.' ") (quoting *Roper,* 445 U.S. at 339)

[available at:

https://www.justice.gov/sites/default/files/osg/briefs/2015/09/11/14-857bsac unitedstates.pdf (last visited May 15, 2019).

THERE ARE QUESTIONS OF LAW OR FACT COMMON TO THE
CLASS

DHS argues at page 11 of 65 that plaintiffs do not satisfy Civil Rule
23(a)(2), which requires a showing of "questions of law or fact common to
the class."  DHS says that each assessment is unique: some have three
paragraphs of segregable information; some may have seven. This is true,
but not important. Whether an assessment has three or seven segregable
paragraphs is secondary. There are no important factual variations of the
members of this class. Even if there were,  "…[F]actual variations among
the class members will not defeat the commonality requirements." *Bynum v.
District of Columbia,* 217 F.R.D. 43, 46. (D.D.C. August 11, 2013)(inmates
challenged the District's policy of conducting suspicionless strip searches of
inmates returning from judicial proceedings.) *Accord: N.S. v. Hughes,* 335
F.R.D. 337, 354 (D.D.C. 2020)("Although the exact facts of each seizure
may differ, the general legal question is the same, meaning that plaintiff has
satisfied the commonality requirement as set forth in Fed. R. Civ. P.
23(a)(2).")

"Petition-specific factual differences among class members would not defeat commonality or typicality." *Zhang v. U.S. Citizenship and Immigration Services,* 214 F.R.D. 27, 35 (D.D.C. 2018); affirmed 978 F.3d 1314 (D.C.Cir. 2020).

Assessments follow a "standard format," and therefore, "likely contain the same factual paragraphs that [three other courts] determined could be released." *Gatore v. DHS,* 292 F. Supp. 3d 486, 493. Plaintiffs have "presented evidence showing that all assessments contain at least some reasonably segregable material." *Gatore,* 327 F. Supp. 3d 76, 99.

Commonality is satisfied when plaintiffs challenge "a uniform policy or practice that affects all class members." *DL v. District of Columbia*, 713 F.3d 120, 128 (D.C. Cir. 2013).  Individualized determinations, however, are of no consequence in determining whether there are common questions concerning liability. *Tyson Foods v. Bouaphakeo,* 136 S. Ct. 1036, 045 (2018).

For purposes of Rule 23(a)(2) "'even a single common question will do." *Hicks v. State Farm,* 965 F.3d 452, 458 (6th Cir. 2020). The presence of other questions, not in common, does not prevent a finding of commonality.

A class of Uber drivers was certified in *James v. Uber Techs, Inc,,* 338

F.R.D. 123, 141 (N.D. Cal. 2021). Obviously, each driver will have different

damages and different histories. Yet, the court ruled that commonality was

present.

PLAINTIFFS SATISFY THE TYPICALITY REQUIREMENT

Typicality requires that a plaintiff must show that the claims or

defenses of the  representative parties are typical of the claims or defenses of

the class.  Indeed, "demonstrating typicality does not mean showing that

there are no factual variations between the claims of the plaintiffs." *Bynum v.*

*District of Columbia*, 214 F.R.D. 27, 35 (D.D.C. 2003). Accord: *Zhang v.*

*U.S. Citizenship and Immigration Service,* 344 F. Supp. 3d 32, 63 (D.D.C.

2018), affirmed, 978 F.,3d 1314 (D.C.Cir. 2020).

 "Some factual variations between claims are permitted so long as the

class representative's claim is based on the same allegedly unlawful

conduct."  *N.S. v. Hughes,* 335 F.R.D. 337, 354 (D.D.C. 2020). The named

plaintiffs are asylum applicants whose request for their assessments were

denied.  Each was injured in the same way.

Typicality is easily satisfied. *Wagner v. Taylor,* 836 F.2d 578, 591 (D.C. Cir. 1987).

PLAINTIFFS SATISFIED THE REQUIREMENTS OF CIVIL RULE 23(b)(2)

DHS argues at page 13 of 65 that plaintiffs did not satisfy Civil Rule 23(b)(2), which requires a showing of (1) a failing to perform a legal duty on grounds generally applicable to all class members; and (2) the appropriateness of injunctive relief. DHS argues: "The same disparities preventing Plaintiffs from satisfying the commonality and typicality requirements of Rule 23(a) also hinder their satisfying the requirements of Rule 23(b)(2)." *Id.* at page 14 of 65. DHS overlooks the finding of the district court that DHS did not even *attempt* to segregate anything out of any assessment. *See Gatore,* 327 F. Supp. 3d 76 at pages 92 and 101. Plaintiffs do satisfy the commonality and typicality requirements; therefore, the DHS arguments are unavailing.

PLAINTIFFS SATISFY THE REQUIREMENT OF CIVIL RULE 23(b)(3)

DHS argues at page 15 of 65 that plaintiffs do not satisfy the requirements of Civil Rule 23(b)(3) which requires a showing that common questions predominate over individual questions, and that a class action is superior to other methods.  DHS repeats its earlier argument that each assessment is "unique."

DHS overlooks the finding of the district court that assessments follow a "standard format," and therefore, "likely contain the same factual paragraphs that [three other courts] determined could be released." *Gatore v. DHS,* 292 F. Supp. 3d 486, 493. Plaintiffs have "presented evidence showing that all assessments contain at least some reasonably segregable material." *Gatore,* 327 F. Supp. 3d 76, 99.

Every individual who filed a complaint [the first eight, the next two, and the next 30] were each given paragraphs from their assessments. DHS has shown that it is easy to segregate and release the paragraphs.

The district court did not make any rulings about predominance. This case should be reversed and remanded, with instructions to make rulings on predominance in the first instance.

19

SUPERIORITY

DHS argues that a class action is not superior to other means of resolving the claims of class members, at page 17 of 65.  DHS argues that class certification is not "necessary," Page 17 of 65, because anyone who wishes "can simply resubmit a FOIA request and receive any segregable facts."  But, the class members do not know this. They do not know that DHS has changed its policy. Until they are given notice of the change, and of their rights, they will not resubmit their requests.

It is not a requirement of Rule 23 that a plaintiff show that class treatment is necessary.  *Gayle v. Warden, Monmouth County Corr. Institution,* 838 F.3d 297, 309 (3d Cir. 2016).

The district court determined that not even one FOIA requester was given any facts from his assessment, from 2009 to 2017, unless he filed a lawsuit.  "And notably, the defendant has identified a single instance in which it voluntarily provided any part of an assessment to a FOIA requester..." *Gatore,* 327 F. Supp. 3d at 96-97.   So, a large group of FOIA requesters have been treated unfairly. Their mistreatment continues to this day. Without a class action, they will never see justice.

20

DHS LAMENTS THAT CLASS CERTIFICATION WOULD REQUIRE IT
TO DIVERT RESOURCES TO CORRECT ITS UNLAWFUL PREVIOUS
POLICY

DHS argues, at page 18 of 26, that class certification would require it

to "divert significant resources" to correct the problem that DHS itself

caused. If this were a valid argument, no defendant would ever pay damages

or obey a court order. In *American Hospital Association v. Burwell,* 812 F.3d

183, 191 (D.C. Cir. 2016), the agency "insist[ed] that…. the department

lacks the resources to" comply with the demands of a statute. The Court

nonetheless ruled that "[h]owever many priorities the agency may have, and

however modest its personnel and budgetary resources may be, there is a

limit to how long it may use these justifications to excuse inaction in the

face of " a statutory deadline. *Id.* at 193 (citing *In re United Mine Workers of

America International Union,* 190 F.3d 545, 554 (D.C.Cir. 1999). The Court

instructed that the agency must act: perhaps  it "will have to curtail the RAC

program or find some other way to meet them. Federal agencies must obey

the law…" 812 F.3d at 193.

It is not the fault of plaintiffs if DHS has a complicated record system.

All class actions impose burdens on losing defendants.

After a class is certified, a decision must be made about notice to class members. Civil Rule 23( c) (2)(B) provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The district court should make a ruling on this issue, in the first instance. After remand, DHS can present arguments about what burdens it would face.

DHS should be solicitous to the claims of absent class members. DHS should express regret that it mistreated them. Instead, DHS threatens to make other requesters pay the price for the misdeeds of DHS. This is improper.

PLAINTIFFS' CLAIMS WERE NOT MOOTED

DHS argues that a class may not be certified where the representative's claim is mooted before the class is certified, at page 19 of 65. DHS ignores these relevant precedents: The Supreme Court has specifically recognized that a plaintiff with a moot claim may serve as a class representative. *U.S. Parole Comm. v Geraghty*, 445 U.S. 388, 404 (1980). The D.C. Circuit agrees: "Our decisions make clear that plaintiffs

22

with moot claims may adequately represent a class." *J.D. v. Azar,* 925 F.3d 1291, 1313 (D.C. Cir. 2019). Where parents of school children had live claims when they sought class certification, mootness of their claims at a later time did not prevent class certification, *DL v. District of Columbia,* 860 F.3d 713,722 (D.C.Cir. 2017) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to a prevailing party." [cleaned up]).  *Accord: Afghan and Iraqi Allies under Serious Threat v. Pompeo,* 334 F.R.D. 449, 463 (D.D.C. 2020). "Where a live controversy exists for class members, mootness alone does not render the named Plaintiffs inadequate" to be class representatives.

PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATIONS WERE NOT UNTIMELY

DHS argues that the Fourth Motion for Class Certification, ECF # 150, was not filed within 90 days of the Complaint, in violation of Local Civil Rule 23.1(b), at page 21 of 65. That is true, but not relevant. The purpose of the Local Rule is to apprise the Court, and the defendant, of the class action request. DHS cannot claim surprise: plaintiffs did comply with

23

the Local Rule: plaintiffs filed a Motion for Class Certification in June 2015 [ECF #15].  At all times, DHS knew plaintiffs wanted certification.

## PLAINTIFFS HAVE NOT FORFEITED ANY CHALLENGES TO ANY OF THE ORDERS OF THE DISTRICT COURT

DHS argues that plaintiffs have waived and forfeited certain challenges to orders of the district court, at pages 23-24 of 65. This argument is unavailing: plaintiffs have filed four motions for class certification, and in March 2021, Mr. Kayiteshonga filed a declaration with the Court, where he stated he wanted to be a class representative. Plaintiffs have been aggressively seeking class certification for years.

## CONCLUSION

A large number of FOIA requesters have still not been given their paragraphs. DHS did not even attempt to follow the law concerning those persons. The district court erred in denying class certification, thereby denying relief to the requesters. This Court should reverse and remand the case to the lower court.

DAVID L. CLEVELAND
1220 L Street NW #100
Washington, DC 20005
Tel: (202) 812-8684
1949.david@gmail.com
*Attorney for Appellants*

24

CERTIFICATE OF SERVICE

I certify that I served this document upon opposing counsel by filing it with

the CM/ECF document filing system on October 10, 2021.

/s/ *David L. Cleveland*
DAVID L. CLEVELAND


CERTIFICATE OF COMPLIANCE

I certify that this document complies with Circuit Rule 27(d)(1)(E) because

it has been prepared in proportionally spaced 14-point Times Roman font.

This document complies with Circuit Rule 27d)(2)(A) because it contains

4,919 words according to the count of Microsoft Word.

/s/ *David L. Cleveland*
DAVID L. CLEVELAND