**ORAL ARGUMENT NOT YET SCHEDULED**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

––––––––––––

No. 21-5148

––––––––––––

RICA GATORE *et al.*,
Appellants,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,
Appellee.

––––––––––––

BRIEF OF APPELLEE

––––––––––––

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

––––––––––––

MATTHEW M. GRAVES
United States Attorney

R. CRAIG LAWRENCE
JANE M. LYONS
Assistant United States Attorneys

BRADLEY G. SILVERMAN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
(202) 252-2675
bradley.silverman@usdoj.gov

C.A. No. 15-0459

## CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

<u>Parties and Amicus Curiae</u>

Appellants are Rica Gatore, Isam Al Timemy, Georgine Lumonika, Innocent Shyaka, Charly Ayessa, Aminata Aoudraogo, Herve Shyaka, and Veronica Lemus-Miranda, who each were individual plaintiffs in the District Court. The only other plaintiff below, Catholic Charities, voluntarily withdrew from the case during the District Court proceedings and did not file a notice of appeal, so only the individual plaintiffs are Appellants. Appellee is the U.S. Department of Homeland Security, which was the Defendant in the District Court. There was and are no *amici curiae*.

<u>Rulings Under Review</u>

At issue in this appeal are the Honorable Senior Judge Reggie B. Walton's (1) August 24, 2018 Order and Memorandum Opinion denying Appellants' first motion for class certification, (2) November 19, 2020 Order denying Appellants' second motion for class certification, (3) April 20, 2021 oral ruling and May 4, 2021 Order denying Appellants' third motion for class certification. Neither the notice of appeal nor Appellants' opening brief identified any other order concerning the merits of the Freedom of Information Act claims.

<u>Related Cases</u>

This case has not previously been before this Court. There are no pending related cases.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ...............i

    Parties and Amicus Curiae .................................................................... i

    Rulings Under Review........................................................................... i

    Related Cases...................................................................................... i

TABLE OF AUTHORITIES ............................................................... iii

RELEVANT STATUTES AND RULES ............................................. vii

STATEMENT OF JURISDICTION.......................................................1

ISSUES PRESENTED..........................................................................1

STATEMENT OF THE CASE ...............................................................1

BACKGROUND ..................................................................................3

    A.    Assessments to Refer in Asylum Proceedings .....................3

    B.    The Freedom of Information Act .........................................5

    C.    Factual and Procedural Background .....................................6

SUMMARY OF ARGUMENT .............................................................10

STANDARD OF REVIEW ..................................................................11

ARGUMENT .....................................................................................12

I.    APPELLANTS HAVE FORFEITED BOTH OF THE GROUNDS ON WHICH THEY HAD MOVED FOR CLASS CERTIFICATION ...............15

    A.    Appellants Forfeit Reliance On Rule 23(b)(3) By Failing To Challenge The District Court's Conclusion That It Did Not Apply ...16

    B.    Appellants Did Not Timely Invoke Rule 23(b)(3).............................17

II.    APPELLANTS WERE NOT THEMSELVES MEMBERS OF THE CLASS THAT THEY SOUGHT TO CERTIFY .........................................23

CONCLUSION..................................................................................26

CERTIFICATE OF COMPLIANCE WITH FRAP 32(G)(1) ...............................27

CERTIFICATE OF SERVICE ...............................................................27

# TABLE OF AUTHORITIES

## Cases

*Abtew v. Dep't of Homeland Sec.*,
   47 F. Supp. 3d 98 (D.D.C. 2014) ................................................................. 3, 4, 5

*Abtew v. Dep't of Homeland Sec.*,
   808 F.3d 895 (D.C. Cir. 2015) ................................................................... 3, 4, 6

*Al-Tamimi v. Adelson*,
   916 F.3d 1 (D.C. Cir. 2019) ......................................................................... 16, 24

*Andrew v. Bowen*,
   837 F.2d 875 (9th Cir.1988) ............................................................................. 13

*Batson v. Powell*,
   912 F. Supp. 565 (D.D.C. 1996) ..................................................................... 19

*Bell v. Ascendant Sols., Inc.*,
   422 F.3d 307 (5th Cir. 2005) ........................................................................... 20

*Black Panther Party v. Smith*,
   661 F.2d 1243 (D.C. Cir. 1981) ...................................................................... 19

*Debrew v. Atwood*,
   792 F.3d 118 (D.C. Cir. 2015) ........................................................................ 11

*E. Tex. Motor Freight Sys. Inc. v. Rodriguez*,
   431 U.S. 395 (1977) ........................................................................................ 24

*eBay Inc. v. MercExchange, LLC*,
   547 U.S. 388 (2006) ........................................................................................ 23

*Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*,
   795 F.3d 1324 (11th Cir. 2015) ...................................................................... 20

*Falcon v. Gen. Tel. Co. of S.W.*,
   457 U.S. 147 (1982) ........................................................................................ 24

**Cases (cont.)**

*Feinman v. FBI,*
　269 F.R.D. 44 (D.D.C. 2010).............................................................13

*Gerlich v. Dep't of Just.,*
　711 F.3d 161 (D.C. Cir. 2013)...........................................................17

*Gerlich v. Dep't of Just.,*
　Civ. A. No. 08-1134 (JDB), 2010 WL 11595271 (D.D.C. Apr. 19, 2010).........19

*Gregorio v. Gordon,*
　215 F. Supp. 3d 1 (D.D.C. 2015)........................................................19

*Harriott v. Wash. Metro. Area Transit Auth.,*
　Civ. A. No. 19-1656 (TJK), 2019 WL 7066631 (D.D.C. Dec. 23, 2019)...........18

*Hartman v. Duffy,*
　19 F.3d 1459 (D.C. Cir. 1994)...........................................................24

*Hollingsworth v. Perry,*
　558 U.S. 183 (2010).......................................................................17

*Howard v. Gutierrez,*
　474 F. Supp. 2d 41 (D.D.C. 2007).......................................................17

*J.D. v. Azar,*
　925 F.3d 1291 (D.C. Cir. 2019).........................................................25

*Jud. Watch, Inc. v. Dep't of Homeland Sec.,*
　895 F.3d 770 (D.C. Cir. 2018)...........................................................14

*Jud. Watch, Inc. v. Dep't of Just.,*
　813 F.3d 380 (D.C. Cir. 2016)...........................................................18

*Lane v. District of Columbia,*
　887 F.3d 480 (D.C. Cir. 2018)....................................................... 16, 24

*McCarthy v. Kleindienst,*
　741 F.2d 1406 (D.C. Cir. 1984)..................................................... 18, 22

**Cases (cont.)**

*Payne Enters., Inc. v. United States*,
   837 F.2d 486 (D.C. Cir. 1988)...................................................................14

*Reporters Comm. for Freedom of the Press v. FBI*,
   3 F.4th 350(D.C. Cir. 2021) ...................................................................6

*Richards v. Delta Air Lines, Inc.*,
   453 F.3d 525 (D.C. Cir. 2006)...................................................... 20, 25

*Shatsky v. Palestine Liberation Org.*,
   955 F.3d 1016 (D.C. Cir. 2020)...........................................................12

*Solis Meza v. Renaud*,
   9 F.4th 930 (D.C. Cir. 2021)........................................... 22, 23, 24

*Texas v. United States*,
   798 F.3d 1108 (D.C. Cir. 2015)...........................................................18

*United States ex rel. Totten v. Bombardier Corp.*,
   380 F.3d 488 (D.C. Cir. 2004)...........................................................16

*United States v. Volvo Powertrain Corp.*,
   758 F.3d 330 (D.C. Cir. 2014)...........................................................12

*Van-S-Aviation Corp. v. Piper Aircraft Corp.*,
   551 F.2d 213 (8th Cir. 1977) .............................................................21

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)....................................................... 12, 14, 16, 23

**Statutes**

5 U.S.C. § 552
   § 552 ..............................................................................................1
   § 552(a)(2)(D) .................................................................................14
   § 552(a)(3)(A) ..............................................................................5, 13
   § 552(a)(4)(B)..................................................................................1
   § 552(a)(8)(A)(i)..............................................................................5

**Statutes (cont.)**

§ 552(b) ............................................................................................5, 13
§ 552(b)(5) ........................................................................................5, 6

8 U.S.C. § 1229a(b)(4)(B) ....................................................................5

28 U.S.C. § 1291 ...................................................................................1

**Rules**

Fed. R. Civ. P. 23 ...............................................................................12
  23(b)(3) advisory committee note to 1966 amendment.......................22

Fed. R. Civ. P. 52(a)(4) ......................................................................22

Fed. R. App. P. 32(f) ..........................................................................27

Fed. R. App. P. 32(g)(1) .....................................................................27

D.C. Cir. R. 32(e)(1) ...........................................................................27

LCvR 23.1(b) ............................................................................... 17, 19

## RELEVANT STATUTES AND RULES

**Rule 23. Class Actions.**

(a)  Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

    (1)  the class is so numerous that joinder of all members is impracticable;

    (2)  there are questions of law or fact common to the class;

    (3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)  the representative parties will fairly and adequately protect the interests of the class.

(b)  Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

    (1)  prosecuting separate actions by or against individual class members would create a risk of:

        (A)  inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

        (B)  adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

    (2)  the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

    (3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and

efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A)   the class members' interests in individually controlling the prosecution or defense of separate actions;

(B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D)   the likely difficulties in managing a class action. * * *

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over this case under 5 U.S.C. § 552(a)(4)(B).  This Court has jurisdiction under 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.    Does Appellants' forfeiture of both grounds on which they sought class certification—by failing to challenge the District Court's rejection of one and raising the other untimely—require affirmance?

2.    Did the District Court correctly conclude that Appellants failed to satisfy the requirements of Rule 23 because they themselves were not members of the putative class, given that they had alleged a class of persons who requested but received no portions of certain records concerning themselves, yet each received portions of those records before the District Court ruled on class certification?

## STATEMENT OF THE CASE

On March 31, 2015, Appellants and Catholic Charities brought this action in the District Court under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to compel production of certain records pertaining to their applications for asylum.  JA26.[1]  The plaintiffs then moved for class certification on June 15, 2015. JA101.  The Department of Homeland Security answered on June 22, 2015, and filed a combined response in opposition to the motion for class certification and motion

---

[1]    All citations to JA# refer to the corresponding page of the Joint Appendix.

for summary judgment on July 28, 2015. JA144, 227. After reviewing the records in camera, the District Court denied the Department summary judgment, sua sponte granted the individual plaintiffs summary judgment, and denied the plaintiffs' class certification motion on August 24, 2018. JA1344-46.

Five days later, on August 31, 2018, Appellants moved for class certification a second time, to which the Department responded on February 8, 2019. JA1392, 1580. Before the District Court could rule on that motion, however, Appellants filed a third motion on October 27, 2020, to which the Department responded on January 29, 2021. JA1764, 1824. Catholic Charities voluntarily withdrew from the case on November 2, 2020. JA1776. The District Court denied Appellants' second motion for class certification as moot on November 19, 2021. R156.[2] The District Court then denied their third motion for class certification in an oral ruling on April 20, 2021,[3] JA2012-13, following up with a written order on May 4, 2021, JA2020. The District Court entered a final order as to all claims remaining in the case. JA2023.

This appeal followed.

---

[2]    All citations to "R#" refer to the corresponding district court docket entry.

[3]    The district court docket entry for this hearing says that it took place on April 30, 2021, but the transcript says that it took place on April 20, 2021. JA2006.

# BACKGROUND

This appeal involves three denials of certification of a proposed class of individuals who filed FOIA requests with the United States Citizenship and Immigration Service ("USCIS"), a component of the Department, for certain asylum documents concerning themselves, commonly known as "assessments to refer" or "assessments," but allegedly received no portions of them.  Relevant background on assessments, the FOIA, and the factual and procedural history of this case follows.

## A.    Assessments to Refer in Asylum Proceedings

A person who is in the United States without legal status to be here generally is subject to removal.  *See Abtew v. Dep't of Homeland Sec.*, 808 F.3d 895, 897 (D.C. Cir. 2015).  But those who fear persecution upon returning to their home countries may seek asylum by applying to USCIS.  *See id.*; *Abtew v. Dep't of Homeland Sec.*, 47 F. Supp. 3d 98, 100 (D.D.C. 2014).   Should USCIS grant an asylum application, the applicant may stay in the United States.  *Id.*  Should USCIS deny the application, that person may seek asylum in an administrative immigration court.  *Id.* at 101.

When a person applies for asylum with USCIS, an asylum officer first interviews the person.  *Abtew*, 808 F.3d at 898.  The officer then writes an assessment concerning the applicant.  *Id.*  An assessment generally has three components— (1) an introduction setting out information about the applicant that the officer believes is pertinent, (2) an analysis of the application's merits, and (3) a conclusion

recommending whether to grant asylum.  JA256-57, 1114-15.  The assessment summarizes the interview, evaluates the applicant's credibility and any legal issues the application raises, and explains why the officer believes asylum is or is not warranted.  *Abtew*, 808 F.3d at 898; JA256.  An assessment by its very nature is highly idiosyncratic, reflecting an individual officer's overall analysis and recommendation as to a particular asylum application.  JA327, 1114.

The officer then forwards the assessment to a supervisor, who decides whether to grant asylum.  *Abtew*, 808 F.3d at 898.  Notably, an assessment itself is not a decision on whether to grant asylum—it merely furnishes relevant information and analysis to the deciding official.  JA256.  If the official denies asylum, the applicant receives a Referral Notice briefly explaining a basis for the denial and informing the applicant that the case has been referred to immigration court for administrative adjudication.  *Id.*  At no point during this process does USCIS provide the applicant or anyone outside USCIS the assessment.  *See Abtew*, 47 F. Supp. 3d at 101.

The immigration court conducts a de novo hearing on asylum.  *Abtew*, 47 F. Supp. 3d at 101.  During immigration proceedings, the Department may, but is not required to, present the assessment or part of it as evidence.  *Id.*  For example, it may choose to offer into evidence an assessment that reveals material inconsistencies within an applicant's testimony, or between the application or testimony and other evidence.  *Id.* at 102, 113 n.18.  If the Department offers an assessment as evidence,

it must provide the applicant a reasonable opportunity to examine the assessment. *Id.* at 101; *accord* 8 U.S.C. § 1229a(b)(4)(B).  Should the immigration court deny asylum, the applicant can appeal the denial to the Board of Immigration Appeals, and then to the United States Court of Appeals. *Abtew*, 47 F. Supp. 3d at 101.

**B.**    **The Freedom of Information Act**

FOIA generally requires a federal agency, "upon any request for records" that "reasonably describes such records" and conforms to applicable agency rules, to "make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).  An agency need not, however, produce records that fall within the scope of one or more exemptions to FOIA if disclosure is prohibited by law or foreseeably would harm an interest that an exemption protects. *See id.* § 552(a)(8)(A)(i), (b).  If a record that is responsive to a FOIA request contains both exempt and non-exempt portions, an agency must produce non-exempt portions of a record if, but only if, they are "reasonably segregable" from the exempt portions. *Id.* § 552(b).

FOIA Exemption 5 covers "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 thus encompasses the "deliberative process privilege, which shields documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Reporters Comm. for*

*Freedom of the Press v. FBI*, 3 F.4th 350, 357 (D.C. Cir. 2021) (cleaned up).[4]  This

Court has held that the privilege applies to an assessment as a general matter, *Abtew*,

808 F.3d at 899, although an assessment may contain segregable portions that should

be released, as the District Court found in this case upon *in camera* review of the

assessments relating to Appellants.[5]

## C.    **Factual and Procedural Background**

Appellants are eight individuals who applied for asylum.  JA865-66 870-72,

876.  Each appellant had asked Catholic Charities, a nonprofit organization that aids

individuals seeking asylum, to file "third party" FOIA requests for the assessments

that USCIS created in connection with their asylum applications.  *Id.*  Catholic

Charities filed these FOIA requests, along with a request of its own for certain

records relating to USCIS's processing of assessments.  *Id.*; JA874.  USCIS initially

withheld the assessments in full, invoking, as relevant here, Exemption 5 based on

the deliberative process privilege.  JA865-66 870-72, 876.

---

[4]    Exemption 5 provides "that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested."  5 U.S.C. § 552(b)(5).  Appellants have never contended that this case implicates that provision.

[5]    The Department uses the phrase "segregable factual portions" throughout this brief as a shorthand for the more cumbersome "non-exempt and reasonably segregable factual portions."

Seven individual plaintiffs and Catholic Charities filed this action on March 31, 2015.  JA26.  The complaint challenged USCIS's responses to the individual plaintiffs' FOIA requests, and further alleged that USCIS had an unlawful policy or practice of withholding all assessments in full.  JA31.  The seven individual plaintiffs and Catholic Charities further alleged the existence of a class "consist[ing] of all persons who, since March 30, 2009, have made, or will make during the pendency of this lawsuit, a FOIA request for the Assessment of their asylum officer, but were provided no portion of the Assessment."  JA39.  The seven individual plaintiffs sought retrospective relief, while Catholic Charities sought prospective relief.  The seven individual plaintiffs asked the District Court to order the Department to produce the segregable factual portions of their assessments and declare unlawful both its failure to produce these materials, while Catholic Charities sought to enjoin the Department from enforcing that policy and failing to produce segregable portions of assessments going forward, as well as corresponding declaratory relief.  JA41.

On June 15, 2015, the seven individual plaintiffs and Catholic Charities filed their first motion for class certification, this one under Rule 23(b)(2) of the Federal Rules of Civil Procedure.  JA118.  On July 28, 2015, the Department moved for summary judgment on the seven individual plaintiffs' claims and Catholic Charities' FOIA policy-or-practice claims, arguing that no portions of an assessment are reasonably segregable and that it did not have a policy or practice of withholding

assessments in full.  JA298.  The District Court denied this motion in full without prejudice on April 6, 2016, explaining that it could not determine whether any factual portions of the seven individual plaintiffs' assessments were reasonably segregable because the Department had described them all categorically, without providing any individualized descriptions of each one.  JA631-35.  The District Court then directed the Department "to submit a revised *Vaughn* index, affidavit, or declaration, that reassesses the issue of segregability as to each of the individual plaintiffs' assessments, and provides an adequate description of each assessment to support the defendant's assertion that no portion may be released."  JA635.  The Department filed a revised declaration describing each assessment in greater detail.  JA641.

On February 8, 2017, Appellants and Catholic Charities filed an amended complaint adding an eighth individual plaintiff, who raised the same claim as the other individual plaintiffs.  JA862, 876-77.  Between March and June 2017, the Department produced segregable factual portions of each Appellants' assessment. JA1153-54.  It then moved for summary judgment a second time, filing two additional declarations in support of withholding the remaining portions of each assessment.  JA1074.  The District Court ordered the Department to submit the assessments for in camera review, and the Department did so.  JA1293-94.

On August 24, 2018, the District Court denied the Department's motion for summary judgment as to both the individual and policy-or-practice claims, and sua

sponte granted Appellants summary judgment. JA1356-60. After reviewing the assessments in camera, the District Court determined that each of them contained additional segregable factual portions—anywhere between four and ten paragraphs, depending on the particular Appellant—and ordered the Department to produce this material. JA1344-45, 1359-60. The District Court further determined that Catholic Charities had established a genuine dispute as to whether the Department had a policy or practice of denying requests for assessments in full. JA1368-18.

At the same time, the District Court denied the motion for class certification on two grounds. JA1381-82. First, the District Court explained that Appellants were not actually members of the class that they sought to certify, as Rule 23 requires. JA1381-82. Because Appellants had each received some segregable factual portions of their assessments, they necessarily fell outside of the proposed class of persons who received no portion of their assessments. *Id.* Second, the District Court determined that Appellants had not satisfied Rule 23(b)(2)'s requirement that final injunctive or declaratory relief be appropriate. JA1382-83.

On August 31, 2018, more than three years after filing their initial complaint, Appellants moved for class certification a second time, this time under both Rules 23(b)(2) and 23(b)(3). JA1426, 1435. Catholic Charities simultaneously filed its own motion for class certification, seeking to certify the same class as Appellants. JA1392. Before the District Court ruled on these motions, Appellants filed a third

motion for class certification, this one under Rule 23(b)(3) only, seeking to certify the same class as it had before. JA1764. At some point prior to December 20, 2018, USCIS replaced its policy of withholding assessments in full with a policy of releasing the factual portions of a requester's assessment. JA1537, 1540. Catholic Charities voluntarily withdrew from the case on November 2, 2020. JA1776. The District Court denied Appellants' second motion for class certification and Catholic Charities' motion for class certification as moot. R156; Min. Order (Nov. 9, 2020).

On April 20, 2021, during a telephonic conference, the District Court denied Appellants' third motion for class certification, following up several days later with a written order. Min. Entry (Apr. 30, 2021); JA2020. The District Court explained that because each assessment required individualized review to identify segregable factual portions, the relief sought was too individualized to warrant class treatment. JA2012-13. The District Court entered judgment on June 25, 2021. JA2023. Appellants' timely filed a notice of appeal. JA2024.

## SUMMARY OF ARGUMENT

The District Court acted well within its discretion in denying Appellants' three motions for class certification. Appellants moved for class certification under Rules 23(b)(2) and 23(b)(3), but they have forfeited both of these grounds. They initially moved for class certification only under Rule 23(b)(2), but on appeal do not challenge the District Court's conclusion that it did not apply. They eventually

moved for class certification under Rule 23(b)(3) as well, but long after Local Civil Rule 23.1(b)'s 90-day deadline to seek certification had already passed. Appellants' forfeiture of both grounds on which they sought certification warrants affirmance.

Regardless, the District Court correctly concluded that Rule 23 prohibited Appellants from representing the putative class because they themselves were not members of it. Appellants alleged a class of persons who had sought but received no portions of their own assessments, but each one of them received portions of their assessments before the District Court ruled on class certification. Appellants do not dispute that they are not part of the class, but instead argue that mootness principles did not prevent them from representing the class. But that is a non-sequitur—the requirement that a representative be part of the class is rooted in Rule 23, not the mootness doctrine. Whether Rule 23 or mootness principles allowed Appellants to represent the class are separate issues. Even accepting Appellants' arguments concerning mootness, they still are not part of the class they sought to certify.

For these reasons, this Court should affirm the District Court's denials of Appellants' motions for class certification.

## STANDARD OF REVIEW

This Court "review[s] for an abuse of discretion the decision to deny a request to certify a class." *Debrew v. Atwood*, 792 F.3d 118, 131 (D.C. Cir. 2015). "[T]he abuse of discretion standard means that the district court has a range of choice, and

that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 345 (D.C. Cir. 2014) (cleaned up). "A district court abuses its discretion when it applies the wrong legal standard or relies on clearly erroneous findings of fact." *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1031 (D.C. Cir. 2020).

## ARGUMENT

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quotation marks omitted). Rule 23 establishes conditions that a plaintiff must satisfy before a district court will certify a class. A plaintiff "must be part of the class" it seeks to certify, meet Rule 23(a)'s requirements of "numerosity, commonality, typicality, and adequate representation," and then fall within one of three categories set out in in Rule 23(b). *Id.* (cleaned up). Two of these categories are relevant here. First, Rule 23(b)(2) applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Second, Rule 23(b)(3) applies where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

FOIA claims do not neatly lend themselves to class treatment, especially when they seek prospective relief.  As best the Department is aware, neither this Circuit nor any other has approved a class action in the FOIA context.  *See Feinman v. FBI*, 269 F.R.D. 44, 49 (D.D.C. 2010) (plaintiff "has not cited—nor has the Court found—any decision granting certification of a class of FOIA plaintiffs who alleged the improper withholding of information"); *cf. Andrew v. Bowen*, 837 F.2d 875, 876 (9th Cir.1988) (discussing successful FOIA claim filed as class action, without commenting on whether class certification had been granted or was warranted).

That is perhaps unsurprising, as FOIA claims tend to be individualized. The typical FOIA claim involves allegations that an agency has, in response to a party's specific FOIA request, failed to conduct an adequate search for responsive records, improperly withheld records in full or part, or both.  *See* 5 U.S.C. § 552(a)(3)(A), (b).  The merits of such claims generally turn on the particulars of a specific FOIA request, the agency's specific response to it, and the nature of the specific information and records at issue.  They usually will not entail issues that transcend the case at hand, affecting numerous other requesters.

Should a claim implicate systemic FOIA violations by an agency, FOIA itself provides two ways to redress it.  First, a plaintiff can raise a policy-or-practice claim, which alleges "that an agency policy or practice will impair the party's lawful access to information in the future."  *Payne Enters., Inc. v. United States*, 837 F.2d 486,

491 (D.C. Cir. 1988); *see also Jud. Watch, Inc. v. Dep't of Homeland Sec.*, 895 F.3d 770, 774 (D.C. Cir. 2018).   An individual with standing thus may challenge an alleged agency policy or practice that violate FOIA without satisfying Rule 23's requirements, and any relief granted will inure to the benefit other similarly-situated FOIA requesters.  Second, when an agency releases records that have been requested three or more times, it must make those records available to the public through an electronic reading room.  *See* 5 U.S.C. § 552(a)(2)(D).  This requirement limits the need for repeated lawsuits to compel disclosure of the same records.

This is not to say class treatment is categorically unavailable in FOIA cases. But courts should tread carefully before certifying a class of FOIA claimants, given the generally individualized nature of FOIA claims, reading room requirement, and availability of policy-or-practice relief to redress systemic FOIA violations.  These considerations make the "rigorous analysis" courts conduct to ensure that Rule 23's "prerequisites . . . have been satisfied," *Wal-Mart*, 564 U.S. at 351 (cleaned up), especially important in the context of class certification requests in FOIA cases.

Here, the District Court acted comfortably within its discretion to deny Appellants' motions for class certification.  Appellants moved for class certification under both Rules 23(b)(2) and 23(b)(3), but they have forfeited both of these grounds.  Appellants initially sought certification only under Rule 23(b)(2), but the District Court concluded that Rule 23(b)(2) does not apply, and Appellants do not

challenge that conclusion on appeal. Appellants eventually sought class certification under Rule 23(b)(3) as well, long after Local Civil Rule 23.1(b)'s 90-day deadline to seek certification had passed. Appellants' forfeiture of both grounds on which it had moved for class certification warrants affirmance.

Regardless, the District Court correctly concluded that Rule 23 did not authorize Appellants to represent the putative class because they themselves are not members of the class. Appellants sought to certify a class of persons who had sought but received no portions of their own assessments, but each one of them had in fact received portions of their assessments before the District Court first ruled on class certification. Appellants do not dispute that they are not part of the class, but instead confusingly argue that mootness principles did not prevent them from representing the class. That is a non-sequitur—the requirement that a representative be part of the class is rooted in Rule 23, not the mootness doctrine. Whether Rule 23 or mootness principles allowed Appellants to represent the class are separate issues.

For these reasons, this Court should affirm the District Court's denials of Appellants motions for class certification.

## I.    Appellants Have Forfeited Both of the Grounds on Which They Had Moved for Class Certification

Appellants moved for class certification under Rules 23(b)(2) and 23(b)(3), but they have forfeited both of these grounds. The District Court concluded that Rule 23(b)(2) did not apply, and Appellants do not challenge that conclusion on

appeal. Appellants did not invoke Rule 23(b)(3), meanwhile, until over three years into this litigation, long after Local Civil Rule 23.1(b)'s 90-day deadline to move for class certification had passed. Appellants' forfeiture of both grounds on which they had sought class certification warrants affirmance.

**A.    Appellants Forfeit Reliance On Rule 23(b)(3) By Failing To Challenge The District Court's Conclusion That It Did Not Apply**

In their first motion for class certification, Appellants invoked only Rule 23(b)(2). JA118-19. But the District Court concluded that Rule 23(b)(2) did not apply, JA1382-83, and Appellants fail to challenge that conclusion on appeal, thus forfeiting the issue. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019) ("A party forfeits an argument by failing to raise it in his opening brief."); *United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004) (argument not made on appeal deemed waived). That alone warrants affirmance of the District Court's denial of their first motion for class certification. *See Lane v. District of Columbia*, 887 F.3d 480, 485 (D.C. Cir. 2018) ("We do not disturb the ruling of a district court where an independent basis for [it] is uncontested" (cleaned up)).[6]

---

[6]    Regardless, Rule 23(b)(2) did not apply on the merits. It "applies only when a single injunction or declaratory judgment would provide relief to each member of the class"—not to "claims for individualized relief." *Wal-Mart*, 564 U.S. at 360. But the relief that Appellants sought required individualized tailoring for all class members, as the District Court's analysis shows. After reviewing each Appellants' assessment in camera, the District Court ordered the Department to produce different portions of each one. JA1344-45. It explained that it could not segregate the factual

## B.     Appellants Did Not Timely Invoke Rule 23(b)(3)

Appellants eventually invoked Rule 23(b)(3) as well, over three years after filing their complaint.  But the deadline to move for class certification had long passed by then.  Under Local Civil Rule 23.1(b), a plaintiff must seek certification "[w]ithin 90 days after the filing of a complaint."  LCvR 23.1(b).  This Rule "ha[s] the force of law," *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (quotation marks omitted), and this Court enforces it.  *See, e.g.*, *Gerlich v. Dep't of Just.*, 711 F.3d 161, 173 (D.C. Cir. 2013) (district court properly denied class certification motion when appellants moved "four months late").

The District Court, to which this Court generally defers in interpreting and applying its own Local Rules, construes Local Civil Rule 23.1(b) to require a plaintiff to seek class certification "within ninety days of the first complaint that states class allegations," regardless of any subsequent amended complaints. *Howard v. Gutierrez*, 474 F. Supp. 2d 41, 54 (D.D.C. 2007) ("If the local rule were intended to apply to all subsequent amended complaints, it would refer to 'the filing of any

---

portions of each assessment "in a categorical fashion," based on "largely identical" descriptions that did not reveal "the factual content being withheld with any level of specificity," but instead needed to "each . . . individual" assessment based on "the type or origin of the factual content in each section, or the length or structure of each section." JA663, 1288.  Fashioning relief for each class member thus would bog the District Court down in the factual minutiae of each of their assessments—precisely what Rule 23(b)(2) does not allow.

17

complaint.' It does not."); *see also Harriott v. Wash. Metro. Area Transit Auth.*, Civ. A. No. 19-1656 (TJK), 2019 WL 7066631, at *1 (D.D.C. Dec. 23, 2019) ("Local Rule of Civil Procedure 23.1(b) requires a plaintiff to move for certification . . . within 90 days of filing the first complaint bringing a class-wide claim."); *Jud. Watch, Inc. v. Dep't of Just.*, 813 F.3d 380, 384 (D.C. Cir. 2016) ("a district court's interpretation of its own rules is . . . entitled to deference"); *Texas v. United States*, 798 F.3d 1108, 1115 (D.C. Cir. 2015) ("Every circuit, in fact, defers to their district courts' interpretation and enforcement of local rules. The federal court system could not fairly function otherwise." (citations omitted)).

Local Civil Rule 23.1(b) advances "two fundamental policies." *McCarthy v. Kleindienst*, 741 F.2d 1406, 1411 (D.C. Cir. 1984). First, "defendants are entitled to ascertain at the earliest practicable moment whether they will be facing a limited number of known, identifiable plaintiffs or . . . a much larger mass of generally unknown plaintiffs." *Id.* at 1411-12. "Fundamental fairness, as well as the orderly administration of justice requires that defendants haled into court not remain indefinitely uncertain as to the bedrock litigation fact of the number of individuals or parties to whom they may ultimately be held liable for money damages." *Id.* at 1411. Second, the 90-day deadline to seek class certification "foster the interests of judicial efficiency, as well as the interests of the parties, by encouraging courts to

proceed to the merits of a controversy as soon as practicable. That, at bottom, is a matter of simple justice." *Id.* at 1412.

Local Civil Rule 23.1(b) thus applies strictly. *See Black Panther Party v. Smith*, 661 F.2d 1243, 1279 (D.C. Cir. 1981), *vacated on other grounds sub nom. Moore v. Black Panther Party*, 458 U.S. 1118 (1982) ("[S]trict enforcement . . . implements the policy of Rule 23(c)(1) of the Federal Rules of Civil Procedure, which states that the status of class actions should be determined quickly."); *see also Gregorio v. Gordon*, 215 F. Supp. 3d 1, 8 (D.D.C. 2015) ("That rule has been strictly applied in the District of Columbia Circuit" (cleaned up)); *Gerlich v. Dep't of Just.*, Civ. A. No. 08-1134 (JDB), 2010 WL 11595271, at *2 (D.D.C. Apr. 19, 2010), *aff'd*, 711 F.3d 161 (D.C. Cir. 2013) ("To find excusable neglect solely on the basis of such a generalized assertion of a lack of prejudice could effectively gut the rule."); *Batson v. Powell*, 912 F. Supp. 565, 570 (D.D.C. 1996), *aff'd*, 203 F.3d 51 (D.C. Cir. 1999) (denying untimely class certification motion without regard to prejudice).

Appellants filed the initial complaint, raising class allegations, on March 31, 2015. JA26, 38. Their deadline to seek class certification thus was June 29, 2015. LCvR 23.1(b). But Appellants did not invoke Rule 23(b)(3) until they filed their second motion for class certification on August 31, 2018—over three years after Local Civil Rule 23.1(b)'s 90-day deadline had passed. JA1426. That untimely filing forfeits any reliance on Rule 23(b)(3). *See Richards v. Delta Air Lines, Inc.*,

453 F.3d 525, 531-32 (D.C. Cir. 2006) ("Not until three years into the litigation . . . did Richards suggest the prospect of a(b)(3) class. That was far too late and, for that reason alone, the district court would have been warranted in denying certification under Rule 23(b)(3)."). Even had the amended complaint, filed on February 8, 2017, JA862, reset the clock somehow, Appellants' second and third motions for class certification were still untimely. Nor did they move to enlarge the 90-day deadline.

Notably, while the 90-day deadline applies strictly, Appellants did not attempt to show good cause or excusable neglect for their delay. That is just as well, for it is hard to imagine how they could show either in these circumstances. Appellants timely sought class certification, and only filed their subsequent motions after the District Court had ruled against them. A mere desire to relitigate the issue of class certification because Appellants were unhappy with the outcome hardly amounts to excusable neglect. *See Bell v. Ascendant Sols., Inc.*, 422 F.3d 307, 316 (5th Cir. 2005) ("Nor are we persuaded that we should require that they get a second bite at the class certification apple; inadequate briefing on an issue critical to class certification for which a party bears the burden of proof is no basis for us to order a repêchage round."); *cf. Ewing Indus. Corp. v. Bob Wines Nursery, Inc.*, 795 F.3d 1324, 1326 (11th Cir. 2015) ("A contrary result would allow a purported class almost limitless bites at the apple"); *Van-S-Aviation Corp. v. Piper Aircraft Corp.*, 551 F.2d

213, 219 (8th Cir. 1977) ("a plaintiff ought not to have unlimited bites at the apple until he can convince a single district court that he qualifies . . . under Rule 23.").

Appellants do not argue that Rule 23(c)(1)(C), which lets a class certification denial "be altered or amended before final judgment," allowed their subsequent class certification motions.  Nor would any such argument have merit.  Appellants never moved to alter or amend the denial of their first motion for class certification.  They instead filed new motions altogether.  That is a matter of substance, not just form, as their new motions raised new arguments—they (1) invoked Rule 23(b)(3), whereas the first motion has invoked only Rule 23(b)(2); (2) identified new purported class members; and (3) sought discovery on numerosity.  JA1394, 1398, 1769-70, 1772.

Appellants concede that their second and third motions for class certification were untimely.  Appellants' Resp. Mot. Summ. Aff. at 23, Dkt. No. 1917440 (Oct. 9, 2021).[7]  But they contend that this is "not relevant," because Local Civil Rule 23.1(b)'s "purpose . . . is to apprise the Court, and the defendant, of the class action request," so the Department "cannot claim surprise" after their first motion for class certification.  *Id.* at 23-24.  That is irrelevant, as Local Civil Rule 23.1(b) applies strictly, barring untimely class certification motions without regard to prejudice.  Moreover, the Department was entitled to presume the issue of class certification

---

[7]    Appellants do not address the untimeliness issue in their opening brief.

was settled once the District Court denied Appellants' first motion.  *See McCarthy*, 741 F.2d at 1411-12.  To allow Appellants to keep moving for class certification repeatedly, years into this case, after the District Court had denied certification once already, JA1334, would frustrate the finality principles on which Local Civil Rule 23.1(b) rest.  For these reasons, Appellants waived reliance on Rule 23(b)(3).[8]

---

[8]     Although the District Court did not deny Appellants' second or third motions for class certification based on untimeliness, this Court may affirm on that ground. *See Solis Meza v. Renaud*, 9 F.4th 930, 933 (D.C. Cir. 2021).  Moreover, because Appellants' third motion for class certification was untimely, this Court need not address Appellants' argument that the District Court did not sufficiently explain its reasons for denying that motion.  That argument lacks merit regardless—the District Court was not required to state its factual findings or legal conclusions in denying that motion at all, Fed. R. Civ. P. 52(a)(4), and in any event adequately explained its reasons for denying it, JA2012-13.

Regardless, Rule 23(b)(3) did not apply on the merits, as a class action is not a superior way to adjudicate this controversy.  Now that USCIS has rescinded the challenged policy, JA1537, any putative class members who want the segregable factual portions of their assessments can obtain them simply by filing new FOIA requests.  This would enable USCIS to prioritize providing relief to those class members who still want the factual portions of their assessments, without wasting time on class members who no longer want these materials—perhaps because their own immigration proceedings have already completed.  A class action, meanwhile, would impose overwhelming burdens on USCIS, requiring it to manually search hundreds of millions if not billions of pages of records spanning decades, as it cannot accurately conduct an accurate electronic search.  JA1538-39.  This naturally would delay USCIS's processing of pending FOIA requests, including by persons who seek records to use in their own ongoing immigration proceedings.  Nor would a class action provide class members much if anything beyond individual FOIA requests.

Under these circumstances, a class action would not "achieve [the] economies of time, effort, and expense" that Rule 23(b)(3) was meant to yield.  Fed. R. Civ. P. 23(b)(3) advisory committee note to 1966 amendment.  And it would be inequitable,

Appellants' forfeiture of both grounds on which they sought class certification warrants affirmance

## II.   Appellants Were Not Themselves Members of the Class That They Sought to Certify

Regardless, the District Court correctly concluded that Rule 23 prohibited Appellants from representing the putative class because they themselves were not members of it.  Appellants alleged a class of "all persons who, since March 30, 2009, have made, or will make during the pendency of this lawsuit, a FOIA request for the Assessment of their asylum officer, but were provided no portion of the assessment." JA39, 875.  But as the District Court explained, Appellants were not members of this class, because each of them had "received between one and three paragraphs of [their] assessment[s]."  JA1381-82 (cleaned up).

Appellants do not dispute that Rule 23 requires a named plaintiff to be part of the class, or that they were not class members, and thus forfeit the issue.  *See Al-*

---

imposing undue burdens on USCIS and innocent third parties—an important consideration, given that class actions originate in equity.  *See Wal-Mart*, 564 U.S. at 361; *cf. eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (courts may grant injunctions only where "the balance of hardships between the plaintiff and defendant" warrant it and "the public interest would not be disserviced").  Appellants cite no evidence for their claim that class members are too "ignorant" to file new FOIA requests, Appellants' Br. at 51, which in any event is belied by the fact that each class member necessarily has filed such a FOIA request already.  Rule 23(b)(3) thus did not apply on the merits.  That is so even though the District Court did not reach this precise issue.  *See Solis Meza*, 9 F.4th at 933.

*Tamimi*, 916 F.3d at 6.  That alone requires affirmance.[9]  *See Lane*, 887 F.3d at 485. In any event, the record amply supported the District Court's finding—Appellants conceded that each of them received portions of their assessments before the District Court ruled on class certification.  JA1153-54, 1381-82; *Falcon v. Gen. Tel. Co. of S.W.*, 457 U.S. 147, 156 (1982) (a class representative must be class member when the District Court rules on class certification); *E. Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 406 n.12 (1977) (same); *Hartman v. Duffy*, 19 F.3d 1459, 1469 (D.C. Cir. 1994) (same).[10]  Rule 23 thus prohibited Appellants from representing the class.

Appellants confusingly argue that mootness principles did not preclude them from representing the class. Appellants' Br. at 22-23.  That is a non-sequitur—the requirement that a class representative be part of the class is rooted in Rule 23, not the mootness doctrine.  *See Falcon*, 457 U.S. at 156 (situating this requirement in "the strictures of Rule 23"); *Hartman*, 19 F.3d at 1469 (describing requirement as one of "class certification under Rule 23").  Whether Appellants satisfy Rule 23 and

---

[9]     That is so even though the District Court denied only Appellants' first motion on this basis.  *See Solis Meza*, 9 F.4th at 933.

[10]    While "different courts have asserted different origins for this axiom," JA1381 (quotation marks omitted), the Supreme Court and this Court have squarely situated it in Rule 23.  *See Wal-Mart*, 564 U.S. at 348; *Falcon*, 457 U.S. at 156; *Hartman*, 19 F.3d at 1469.

the mootness doctrine "are separate issues" altogether. *J.D. v. Azar*, 925 F.3d 1291, 1313 (D.C. Cir. 2019) (quotation marks omitted). Even accepting all of Appellants' arguments concerning mootness, they still were not part of the class, and thus, as the District Court correctly concluded, could not represent the class under Rule 23.

Appellants' effort to distinguish *Rodriguez* on the basis that it "did not involve mootness," Appellants Br. at 23, thus misses the point. In a similar vein, their claim of an independent interest in representing the class misses the mark as well. A valid class representative has an independent interest in representing the class, and so can continue to represent the class after its individual claim becomes moot. *See Richards*, 453 F.3d at 528. But the issue here is not mootness, and Appellants were not valid class representatives given that they were not members of the class.

\*    \*    \*

25

# CONCLUSION

This Court should affirm the District Court's denials of Appellants' motions for class certification.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

R. CRAIG LAWRENCE
JANE M. LYONS
Assistant United States Attorneys

/s/ *Bradley G. Silverman*
BRADLEY G. SILVERMAN
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2675
bradley.silverman@usdoj.gov

Dated:  August 12, 2022

**CERTIFICATE OF COMPLIANCE WITH FRAP 32(G)(1)**

The text for this Brief of Appellee is prepared using Times New Roman 14 point font, and—omitting those items described in Fed. R. App. P. 32(f) and D.C. Cir. R. 32(e)(1)—contains 5420 words, as counted by Microsoft Word 2016.

/s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, this 12th day of August, 2022, I caused a copy of the foregoing to be served on counsel for Appellants by this Court's electronic filing system.

/s/ Bradley G. Silverman
BRADLEY G. SILVERMAN
Assistant United States Attorney